**Jose Marcelo RODRIQUEZ–HUIGUEROS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–70697.

INS No. A73–937–396.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2003.*

Decided April 25, 2003.

Before PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2)(B) & (C).

MEMORANDUM**

Jose Marcelo Rodriguez–Huigueros ("Rodriguez"), a native and citizen of Guatemala, petitions for review of a final order of the Board of Immigration Appeals ("BIA"), denying his petition for suspension of deportation.

Rodriguez argues that the BIA erred in applying Illegal Immigration Reform Responsibility Act ("IRRIRA") § 309(c)(5)'s stop-time provision to his application for suspension of deportation. The BIA's application of the stop-time provision was proper, however, because the stop-time provision applies to all applications for suspension of deportation that were pending on the date of IRRIRA's enactment, even if the initial hearing on the merits was conducted under pre-IRRIRA law. *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). The application of the stop-time provision to Rodriguez's case "does not offend due process." *Id.* at 517.

Rodriguez also suggests that the BIA should be prevented from applying the stop-time provision to his case because of the BIA's three-year delay in deciding his appeal. We construe this argument as a claim of equitable estoppel. A claim of estoppel must be based on affirmative misconduct by the agency; delay alone is not enough. *Santamaria–Ames v. INS*, 104 F.3d 1127, 1133 (9th Cir.1996). In this case, there is no evidence of affirmative misconduct in the record.

The petition for review is **DENIED**.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.